Sealed

Public and unofficial staff access
to this instrument are
prohibited by court order.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

DEC 0 4 2014

David J. Bradley, Clerk of Court

**14-603**

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| vs. | § | CR. NO. H- |
| | § | |
| 1. DERRYCK DESHAUN COLLINS | § | |
| 2. JAVIER GOMEZ AGUIRRE | § | **FILED UNDER SEAL** |
| 3. DAVID WAYNE CHOATE | § | |
| 4. MICHAEL KELLEY | § | |
| 5. JASMINE BONNER | § | |
| 6. JARVIS LOVELADY | § | |
| 7. RODDRICK COLLINS | § | |
| 8. CARLOS MONTEMAYOR | § | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

## COUNT ONE

### Conspiracy to Possess with the Intent to Distribute a Controlled Substance

From late 2013, through the date of this Indictment, in the Southern District of Texas, and elsewhere,

DERRYCK DESHAUN COLLINS,
JAVIER GOMEZ AGUIRRE,
DAVID WAYNE CHOATE,
MICHAEL KELLY,
JASMINE BONNER,
JARVIS LOVELADY,
RODDRICK COLLINS, and
CARLOS MONTEMAYOR,

defendants herein, did unlawfully, knowingly, and intentionally, combine, conspire,

confederate, and agree with each other and others, known and unknown to the Grand Jury, to possess with the intent to distribute a controlled substance, to wit: 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule I controlled substance; 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II narcotic controlled substance; and less than 50 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1), sections (b)(1)(B)(ii), (b)(1)(A)(viii), and 841(b)(1)(D).

## COUNT TWO

### Aiding and Abetting Possession with Intent to Distribute a Controlled Substance

On or about October 2, 2013, in the Southern District of Texas,

**DERRYCK COLLINS, and
MICHAEL KELLEY,**

aiding, abetting, and assisting one another and others known and unknown to the Grand Jury, did knowingly and intentionally possess with the intent to distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II narcotic controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(viii) and Title 18, United States Code, Section 2.

## COUNT THREE

### Aiding and Abetting Possession with Intent to Distribute a Controlled Substance

On or about October 2013 and continuing through on or about March 2014, in the

Southern District of Texas,

**DERRYCK COLLINS, and
JAVIER GOMEZ AGUIRRE,**

aiding, abetting, and assisting one another and others known and unknown to the Grand Jury, did knowingly and intentionally possess with the intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II narcotic controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## COUNT FOUR

### Aiding and Abetting Possession with Intent to Distribute a Controlled Substance

On or about August 19, 2014, in the Southern District of Texas,

**DERRYCK COLLINS, and
JASMINE BONNER,**

aiding, abetting, and assisting one another and others known and unknown to the Grand Jury, did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), Section (b)(1)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT FIVE

### Possession of Firearm by Convicted Felon

On or about September 13, 2013, in the Southern District of Texas,

**DERRYCK COLLINS,**

defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce one or more firearms, namely, a Kahr Arms model CW 10, .40 caliber pistol, which had been shipped in interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIX
### Possession of Firearm by Convicted Felon

On or about May 8, 2014, in the Southern District of Texas,

**DERRYCK COLLINS,**

defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce one or more firearms, namely, a Smith And Wesson, model 25, .45 caliber revolver, which had been shipped in interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SEVEN
### Possession of an Unregistered Firearm

On or about April 23, 2014, in the Southern District of Texas,

**CARLOS MONTEMAYOR,**

defendant, knowingly received and possessed a firearm, namely a Remington 20 gauge shotgun with a barrel length of less than 18 inches, not registered to him in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

### Notice of Criminal Forfeiture

Pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), the United States of America hereby gives notice that all firearms and ammunition involved in, or used in the commission of the offense in violation of Title 18, United States Code, Section 922(g)(1) charged in Count Five, is subject to forfeiture, including, but not limited to, the following:

1. A Kahr Arms, model CW40, .40 caliber pistol;
2. Seven (7) rounds of Hornaday .40 caliber ammunition;
3. Remington Arms, model 870, 12 gauge shotgun;
4. Thirteen (13) rounds of Winchester-Western .20 gauge shotgun shells;
5. Eighty-four (84) rounds of Remington .25 caliber ammunition;
6. Six (6) rounds of CCI .22 caliber ammunition;
7. Smith and Wesson, model 25, .45 caliber revolver;
8. Three (3) rounds of Remington .45 caliber ammunition; and a
9. Remington .20 gauge shotgun with a barrel less than 18 inches

### Notice of Criminal Forfeiture

Pursuant to Title 21, United States Code, Section 853, as a result of the commission of a violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A)(ii) and 841(b)(1)(B)(iii), notice is given that the defendants:

**DERRYCK DESHAUN COLLLINS,
JAVIER GOMEZ AGUIRRE,
DAVID WAYNE CHOATE,
MICHAEL KELLY,
JASMINE BONNER,
JARVIS LOVELADY,
RODDRICK COLLINS, and
CARLOS MONTEMAYOR,**

shall forfeit to the United States of America-

(1)     any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

(2)     any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

In the event that the property which is subject to forfeiture to the United States, as a result of any act or omission of the defendant:

(1)     cannot be located upon exercise of due diligence;

(2)     has been placed beyond the jurisdiction of the Court;

(3)     has been transferred or sold to, or deposited with a third party;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to 21 U.S.C. §853(p).

A TRUE BILL

ORIGINAL SIGNATURE ON FILE

KENNETH MAGIDSON
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

By: *[signature]*

John D. Jocher
Assistant United States Attorney
Southern District of Texas